(20 Misc. Rep. 413.)

### BURKE v. PHILIPPS.

(City Court of New York, General Term. May 29, 1897.)

COSTS—AMOUNT OF RECOVERY—PAYMENT PENDING ACTION.
    Plaintiff's right to costs on recovery of a money judgment for $50 or more (Code Civ. Proc. § 3228, subd. 4) exists only when judgment is actually recovered for that amount; and he is not entitled to costs where the claim was paid pending the action, and that fact was set up by supplemental answer.

Appeal from trial term.

Action by Edmund J. Burke against Wendel C. Philipps. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before CONLAN, SCHUCHMAN, and O'DWYER, JJ.

Henry W. Bean, for appellant.
George W. Hart, for respondent.

CONLAN, J. This is an appeal by the defendant from a judgment entered against him on the verdict of a jury directed by the court, and from an order denying a motion for a new trial. The action was brought under the provisions of sections 1937 and 1938 of the Code of Civil Procedure, to charge the defendant not served with the process in a former action in which he was joined and one of several joint debtors. Plaintiff had a judgment in a former action, and brings this suit to collect his judgment thus obtained, having failed to realize on his execution issued upon that judgment. Upon

the trial the defendant asked leave to amend his answer by pleading the satisfaction of the judgment sought to be enforced against this defendant, and such leave being granted, without terms or objection, he pleaded the satisfaction of the judgment, and upon the trial introduced in evidence a certificate of satisfaction showing the same to have been satisfied on the 4th day of March, 1897, after issue joined; but we do not think that that fact affected the question of the right to recover. The amendment was fully allowed, and without question or terms; and it seems to us that, if there was not shown to be anything due to the plaintiff at the time of the trial, there could hardly be a recovery against the defendant in action upon contract, even for costs. In order to entitle him to recover costs, he must recover $50 or more, not less, certainly. The complaint in such action must state the sum remaining unpaid at the time of the verification. Code Civ. Proc. §§ 1936, 1939. The defendant's answer may contain, among other things, objections to the judgment and defenses or counterclaims which have arisen since it was rendered.

The defense of satisfaction was pleaded in the testimony, and was certainly a defense which had arisen since the former judgment was rendered, and was available, therefore, to the defendant, as a matter of defense. Our attention is called to the case of Bates v. Norris, 55 N. Y. Super. Ct. 269, where the matter is fully discussed. There an action was brought to recover the sum of $92.54, balance of account, with interest. The answer was a general denial. After issue, the defendant paid $100, and then obtained leave to set up this fact by amendment to his answer. On the trial before the referee there was a recovery by the plaintiff for $1.65, balance due, and the referee directed costs for the plaintiff, and was sustained at the special term, and on appeal to the general term this was reversed. The court said that the fact that, at the commencement of the action, the plaintiff's demand was greater than $50 does not entitle him to costs, and held that the right of costs depended on the amount recovered. We think there was error in directing a verdict for the plaintiff. There is not, and there cannot be, anything due or unpaid upon the satisfied judgment, and the fact that the judgment is satisfied was undisputed. If, then, there was nothing due, there could be no recovery by the plaintiff, and the defendant was entitled to a judgment for costs in his favor.

We think the judgment entered was erroneous, and that there should be a reversal, and a judgment in favor of defendant for the costs at trial term, and costs on appeal. All concur.